UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC A. LANGLEY, <br><br> Plaintiff, <br><br> v. <br><br> TWIN TOWERS CORRECTIONAL FACILITY, et al., <br><br> Defendants. | Case No. 2:20-cv-09593-ODW-SHK <br><br> **ORDER DISMISSING CASE** |

For the following reasons, this case is **DISMISSED** without prejudice.

## I.   BACKGROUND

On October 20, 2020, Plaintiff Eric A. Langley ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint ("Complaint" or "Compl.") under 42 U.S.C § 1983 ("§ 1983") against Twin Towers Correctional Facility ("Twin Towers"), Los Angeles County Sheriff Department ("LASD"), Nickolay Teophilov, and D. Estrella, each in their official capacities (collectively, "Defendants"), for alleged violations of his constitutional rights by Defendants while Plaintiff was incarcerated as a pretrial detainee at Twin Towers. Electronic Case Filing Number ("ECF No.") 1, Compl. at 2-3. On November 22, 2021, the

Court issued an Order Dismissing the Complaint, Without Prejudice and With Leave to Amend ("ODLA").  ECF No. 6, ODLA.  The ODLA stated that if Plaintiff wished to continue to prosecute this action, Plaintiff must "file a **First Amended Complaint** ("FAC") within **twenty-one** days of the service date" of the ODLA, which made the FAC due on or before December 13, 2021.  Id. at 8-9.

Plaintiff failed to timely file a FAC.  Therefore, on December 29, 2021, the Court issued an Order to Show Cause ("OSC"), directing Plaintiff to either advise the Court that Plaintiff no longer wished to pursue the action, file the FAC, or show good cause in writing, if any existed, why Plaintiff had not timely filed his FAC, and why the Court should not recommend that the action be dismissed for failure to prosecute and comply with Court Orders.  ECF No. 7, OSC at 1.  Plaintiff was instructed to respond to the OSC on or before January 12, 2022.  Id.

Plaintiff again failed to timely respond.  Therefore, on February 9, 2022, the Court issued a Final OSC.  ECF No. 8, Final OSC.  Plaintiff was ordered "**by February 22, 2022, TO SHOW CAUSE**, why this case should not be dismissed for failure to prosecute and follow Court orders."  Id. at 1 (emphasis in original).  Plaintiff was warned that failure to timely respond to the OSC "**will** result in dismissal of the case for failure to prosecute and follow Court orders."  Id. at 2 (emphasis in original).

As of the date of this Order, Plaintiff has failed to file a FAC, respond to the Court's Final OSC, or otherwise participate in this litigation.

## II.   LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v.

Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned that failure to timely respond to the OSC "**will** result in dismissal of the case for failure to prosecute and follow Court orders[,]" ECF No. 8, Final OSC at 2 (emphasis in original), Plaintiff has failed to do so.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53

(9th Cir. 1994) (citations omitted).  Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's OSC, offer any excuse for his failure to comply with the Court's OSC, or respond in a timely manner.  Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents, or otherwise cooperate in prosecuting this action.  Thus, the Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, dismissal of this action, without prejudice, is appropriate here.

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: March 9, 2022

HONORABLE OTIS D. WRIGHT, II
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge